# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NORTHERN DIVISION

---

**JEREMY ROBERT EVANS** and **KAYLA CHENOA WORKMAN,** *Individually, and on behalf of themselves and others similarly situated*

       Plaintiffs,

       **v.**

**CKE RESTAURANTS HOLDINGS, INC. D/B/A HARDEES RESTAURANTS**

       Defendant.

Case No. _____

**FLSA 216(b) Action**
**RULE 23 Class Action**
**JURY DEMANDED**

---

## ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT

---

Named Plaintiffs, Jeremy Robert Evans and Kayla Chenoa Workman ("Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former hourly-paid employees, bring this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against CKE Restaurants Holdings, Inc., d/b/a Hardees Restaurants ("Defendant) and allege as follows:

### <u>NATURE OF SUIT</u>

1.      The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To

1

achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.    This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiffs and other similarly situated hourly-paid employees who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendant during all times material.

3.    This lawsuit also is brought as a Fed. R. P. 23 class action, alleging breach of contract under Tennessee common law and, as an alternative, unjust enrichment and quantum meruit under Tennessee common law.

## I.    <u>JURISDICTION AND VENUE</u>

4.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid back wages, an equal amount as liquidated damages, and reasonable attorney's fees and costs.

5.    This court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to claims of this action within the court's original jurisdiction that they form part of the same case or controversy under Article III

of the United States Constitution.

6.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs performed work for Defendant in this district during all times material herein. Moreover, Defendant's headquarters are located in this district, and it has conducted business in this district during all times material.

## II.     PARTIES

7.     Plaintiff, Jeremy Robert Evans, is an adult citizen of the United States and was employed as an hourly-paid employee by Defendant during all times relevant to this action. Plaintiff Evans' "Consent to Join" is attached as *Exhibit A*.

8.     Plaintiff, Kayla Chenoa Workman, is an adult citizen of the United States and was employed as an hourly-paid employee by Defendant during all times relevant to this action. Plaintiff Workman's "Consent to Join" is attached as *Exhibit B*.

9.     Defendant, CKE Restaurants Holdings, Inc., is a Delaware corporation whose principal address is 6700 Tower Circle, Suite 1000, Franklin, Tennessee 37067. Defendant's registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

## III.     COVERAGE

10.     Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

11.     During all time material, Defendant has earned more than $500,000.00 per year in gross sales.

12.     Defendant has employed two or more employees who handled goods, materials, and supplies that traveled in interstate commerce at all material times.

3

13. In addition, Plaintiffs and those similarly situated have engaged in interstate commerce on behalf of Defendant during all times material.

14. Therefore, Defendant is an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s).

## IV.    **FACTUAL ALLEGATIONS**

15. Defendant owns and operates more than 1800 Hardees Restaurants located in Tennessee and in many other states across the U.S. (Plaintiffs were employed as hourly-paid employees at one of Defendant's Hardees Restaurants in Morristown, Tennessee, during all times material to this action).

16. Defendant has had a centralized timekeeping system to record the compensable hours worked by Plaintiff and those similarly situated at all times material to this cause.

17. Plaintiffs and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods during all times material herein.

18. At all times, material, Defendant has had a common plan, policy, and practice of strictly enforcing its budgeted labor costs for each of its Hardees' restaurants.

19. Defendant's managers were incentivized to stay within or below Defendant's budgeted labor cost for their respective restaurants.

20. Based on information and belief, Defendant's managers' bonuses and other incentives were partly based on how well they stayed within or below the budgeted labor cost for their respective restaurants.

21. Conversely, they were subject to adverse employment action if they failed to stay within or below the budgeted labor costs for their respective restaurants.

22. As a result, Defendant's managers either failed to record all of the compensable hours of

4

Plaintiffs and those similarly situated into its centralized timekeeping system or "edited out" compensable hours of Plaintiffs and those similarly situated from their timekeeping system to stay within or below Defendant's budgeted labor cost.

23. Plaintiffs and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods during all times material without being paid the applicable FLSA minimum wage and overtime compensation rates of pay owed to them for such compensable time. (Plaintiff Evans worked in excess of 40 hours per week within weekly pay periods on many occasions but was paid no more than $50.00 per week for his time, far less than $7.25 per hour, and without being paid any overtime compensation.)

24. More specifically, Plaintiff and those similarly situated performed "off the clock" and other work for Defendant without being paid the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods for such compensable work, during all times material, including, but not limited to:

(a) Being required, demanded, expected, encouraged, imposed and, suffered and permitted, to perform job duties before clocking-in to their respective shifts without being compensated for such pre-shift "off the clock" work within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times relevant herein;

(b) Being required, demanded, expected, encouraged, imposed and, suffered and permitted, to perform job duties after clocking-out of their respective shifts without being compensated for such post-shift "off the clock" work within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times material herein;

(c) Being required, demanded, expected, encouraged, imposed and, suffered and permitted, to perform job duties during off-duty time without being compensated for such off-duty "off the clock" work within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times pertinent herein;

(d) Being required, demanded, expected, encouraged, imposed and, suffered and permitted, to perform job duties during unpaid meal periods, and/or not being fully relieved from job duties during unpaid meal periods – whether clocked-in or not - without being compensated for such unpaid meal periods within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times material herein; and

(e) Being required, demanded, expected, encouraged, imposed, and suffered and permitted to attend and provide job-related training, without being compensated for such unpaid training time within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times material herein

25. Plaintiffs and those similarly situated performed such unpaid "off the clock" time, working during unpaid meal periods and attending and providing unpaid training for Defendant within weekly pay periods during all times relevant without being compensated for such compensable time at the applicable FLSA minimum and overtime compensation rates of pay.

26. Defendant knew, and was aware at all relevant times, that it was not compensating Plaintiff and those similarly situated for all their compensable hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods

6

during all times material to this action.

27. Defendant willfully and, with reckless disregard to established FLSA compensation requirements, failed to pay Plaintiffs and those similarly situated the applicable FLSA minimum wage and overtime compensation rates of pay owed to them within weekly pay periods during all times relevant herein.

28. Defendant did not have a good faith basis for its violations of the FLSA.

29. Defendant failed to keep timely and accurate pay records of Plaintiffs and those similarly situated.

30. The unpaid wage claims of Plaintiffs and those similarly situated are unified through common theories of Defendant's FLSA violations.

31. As a result of Defendant's willful failure to pay Plaintiffs and those similarly situated in compliance with the minimum wage and overtime compensation requirements of the FLSA, they have suffered lost compensable wages and other damages.

32. Defendant's scheme of failing to compensate Plaintiff and similarly situated employees for all their compensable minimum wage and overtime compensation was to save payroll costs and payroll taxes, all for which they have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and potential plaintiffs.

33. In addition, Defendant promised Plaintiffs and other Rule 23 class members an hourly rate of pay for all hours performed for it within weekly pay periods during all time material herein.

34. Plaintiff and other Rule 23 class members accepted Defendant's said offer by performing all work hours required by Defendant.

35. However, Defendant failed to pay the promised wages to the Plaintiff and other Rule 23

class members within weekly pay periods at all times material.

36.    Thus, Defendant breached its contractual obligations to Plaintiff and other Rule 23 class members by failing to pay them the wages promised during all times material herein.

37.    Defendant knew, and was aware at all relevant times, that they did not pay Plaintiffs and other Rule 23 class members all their promised wages within weekly pay periods during all times material.

## V.    RULE 23 CLASS ACTION ALLEGATIONS

38.    Plaintiffs bring this cause as a Fed. R. Civ. P. 23 class action on behalf of themselves and other Rule 23 class members to recover promised wages, as previously described.

39.    Specifically, Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of themselves and the following Rule 23 class members:

> All hourly-paid employees employed by Defendant in the State of Tennessee during the past six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed to them by Defendant. (The "Rule 23 class").

40.    As previously described, Defendant promised Plaintiffs and Rule 23 class members specific hourly rates of pay for all their work time within weekly pay periods during all time material.

41.    However, as previously addressed, Defendant failed to pay the Plaintiffs and other Rule 23 class members the promised wages for all their work time.

42.    By such failure, Defendant breached its contractual obligations to Plaintiffs and other Rule 23 class members.

43.    Moreover, Defendant unjustly enriched itself by failing to pay Plaintiffs and other Rule 23 class members their promised wages.

8

44.     Defendant also received value for the work time Plaintiffs and other Rule 23 class members spent on behalf of Defendant without compensating them for such services, in contravention of Tennessee's common law of quantum meruit.

45.     The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members can easily be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

46.     Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

(a) Whether Defendant breached its contractual obligations to Plaintiffs and other Rule 23 class members by failing to pay them the promised wages within weekly pay periods during all times material herein.

(b) Whether Defendant unjustly enriched itself by failing to pay Plaintiffs and other Rule 23 class members the wages it promised them.

(c) Whether Defendant received valuable services for the work time spent by Plaintiffs and other Rule 23 class members without compensating them for the value of such work services.

(d) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiffs and the Rule 23 class members for such injury.

47.     Plaintiffs' claims are typical of Rule 23 class claims, as alleged herein.

48.     Plaintiffs' claims and those of the members of the Rule 23 class arose from the same Defendant's actions or inactions herein, and the claims are based on the same legal theories.

9

49.     The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

50.     Plaintiffs are adequate class representatives.

51.     Plaintiffs' unpaid wage claims are typical of those that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief that would be sought by each member of the putative Rule 23 class in separate actions.

52.     Plaintiffs and Rule 23 class members are/were subject to the same unlawful practices of Defendant in its failure to pay them all their promised wages.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

54.     Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

55.     Adjudicating individual litigation claims would require a significant expenditure of Court and public resources. However, treating the claims as a class action would result in significant savings.

56.     Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are minor compared to the expense and burden of individual prosecution of this litigation.

57.    As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

58.    Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may fear bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity, allowing for the vindication of their rights while eliminating or reducing those risks.)

59.    Plaintiffs have engaged the Jackson, Shields, Holt, Owen & Bryant law firm to pursue their unpaid wage claims and those of other Rule 23 members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses its practice on wage and hour claims under the FLSA and state laws.)

60.    The law firm has represented numerous other employees asserting unpaid wage claims.

61.    The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to seek address for the wrongs done to them individually.

62.    While the exact number of Rule 23 class members is unknown at this time, this information can be accessed via discovery. Plaintiffs believe there are sufficient such individuals to satisfy the numerosity requirements of this Rule 23 class action.

63.    Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer

irreparable damage from the unlawful wage practices implemented and administered by Defendant.

## VI. MULTI-PLAINTIFF ACTION ALLEGATIONS

64. Plaintiffs bring this action on behalf of themselves and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

65. Plaintiffs seek to send notice to the following similarly situated current and former hourly-paid employees of Defendant, to wit:

> All hourly-paid employees who were employed by Defendant in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e., two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

66. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

67. The claims of Plaintiffs are typical of the claims of potential plaintiffs to this action.

68. Plaintiffs and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

69. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum (straight time) wages and overtime compensation owed to them due to Defendant's unlawful practices.

70. In addition, Plaintiffs and potential plaintiffs to this action are similarly situated in that their unpaid wage claims are unified through common theories of Defendant's FLSA violations.

71. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs to this action as their interests are aligned with the interests of each such potential plaintiff.

72. Plaintiffs have no interests adverse to the interest of potential plaintiffs in this action.

73. Plaintiffs have retained competent counsel experienced in multi-plaintiff action litigation.

74. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to seek redress for the wrongs done to them individually.

75. Plaintiffs and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendant.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

76. Plaintiffs incorporate by reference all preceding paragraphs as fully as if rewritten herein.

77. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the applicable FLSA minimum wages and overtime compensation owed to them as a result of Defendant's unlawful practices, as previously described.

78. Defendant's failure to pay Plaintiffs and potential plaintiffs for all their hours worked within weekly pay periods for the aforementioned "off the clock" compensable time as

13

well as for the unpaid meal break time and unpaid training time, at the applicable FLSA minimum wage and overtime compensation rates of pay violated the FLSA, as previously described.

79. Defendant's common practice of willfully failing to pay Plaintiffs and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendant's FLSA violations.

80. Defendant has had actual knowledge of its failure to pay Plaintiffs and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

81. Defendant's conduct, as described herein, was willful with reckless disregard to clearly established FLSA compensation requirements.

82. Defendant's violations were without a good-faith basis.

83. Plaintiffs and potential plaintiffs are therefore entitled, and hereby seek, to recover from Defendant: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**COUNT II**
**RULE 23 CLASS ACTION – BREACH OF CONTRACT**

84. Plaintiffs incorporate by reference all the preceding paragraphs as if entirely rewritten herein.

85. Plaintiffs assert a breach of contract claim because Defendant entered into valid and enforceable unilateral wage contracts with them and other Rule 23 class members pursuant to Tennessee common law by promising them a specific hourly rate of pay for all hours

14

worked, as previously described.

86.   Plaintiffs accepted Defendant's promise of specific hourly rates of pay for the work they performed by performing the work Defendant assigned them.

87.   Defendant breached such unilateral contract with Plaintiffs and other Rule 23 class members by failing to pay them their promised wages, as previously described.

88.   Defendant has been aware it failed to pay Plaintiffs and other Rule 23 class members all the wages owed him under the said unilateral contracts.

## COUNT III.
## RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

89.   Plaintiffs incorporate by reference all the preceding paragraphs as if entirely rewritten herein.

90.   Plaintiffs assert an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to pay Plaintiffs and those similarly situated a specific hourly rate of pay for all hours worked, as previously described.

91.   Defendant unjustly enriched itself by its failure to pay Plaintiffs and other Rule 23 class members specific hourly rates of pay as promised to them as previously addressed.

92.   Defendant was aware it failed to pay Plaintiffs and other Rule 23 class members all the wages owed them.

93.   Defendant's failure to pay Plaintiffs and other Rule 23 class members all the money promised them made it inequitable.

## COUNT IV.
## RULE 23 CLASS ACTION – QUANTUM MERUIT

94.   Plaintiffs incorporate by reference all the preceding paragraphs as if entirely rewritten herein.

95. Plaintiffs assert a quantum meruit claim under Tennessee common law on the basis that they and each member of the Rule 23 class provided valuable work services to Defendant during all times material.

96. Defendant accepted the work services of Plaintiffs and Rule 23 class members and had reasonable notice that they expected to be paid for their work time spent on behalf of Defendant.

97. However, Plaintiffs and Rule 23 class members were not paid for their time spent working on behalf of Defendant.

98. The reasonable value of the work time Plaintiffs and Rule 23 members spent on behalf of Defendant is consistent with that promised because Defendant benefited to such degree or more from such work provided.

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendant:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For an Order finding that Defendant's violations of the FLSA were willful.

16

D.    An award of costs, expenses, and disbursements relating to this action, reasonable attorneys' fees, and expert fees to FLSA Plaintiffs and potential plaintiffs.

E.    For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F.    An award of damages to Plaintiffs and Rule 23 class members for Defendant's breach of contract claim

G.    An award of damages to Plaintiffs and Rule 23 class members for Defendant's unjust enrichment claim.

H.    An award of damages to Plaintiffs and Rule 23 class members against Defendant related to their quantum meruit claims.

I.    An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and Rule 23 class members;

J.    Such other general and specific relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: July 2, 2025                    Respectfully Submitted,

_sJ.Russ Bryant_
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #041423)
**JACKSON, SHIELDS, HOLT,**
**OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
_gjackson@jsyc.com_
_rbryant@jsyc.com_
_jleatherwood@jsyc.com_
_jautry@jsyc.com_

***ATTORNEYS FOR PLAINTIFFS***
***AND FOR OTHERS SIMILARLY***
***SITUATED***

18